**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KAREN TATE,** | **Case No.: 12-CV-1441 YGR** |
| **Plaintiff,** | **ORDER DENYING REQUEST TO ENTER PROTECTIVE ORDER PER STIPULATION** |
| vs. | |
| **STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS ,** | |
| **Defendant(s).** | |

The parties have submitted for the Court's approval a stipulation for protective order concerning confidential information that may be produced during discovery.  (Dkt. No. 15 ["Stipulation"].)  Included in this Stipulation are provisions that would: (1) permit the parties to file under seal any pleading, motion paper, deposition transcript or other document that includes material designated by the filing party as confidential unless the Court "requires any further act by the parties as a precondition to filing of the documents under seal" [Stipulation at ¶7]; and (2) require counsel to inform persons viewing confidential material that the "Court has enjoined" the use of that information or disclosure of that information except in connection with this litigation [Stipulation at ¶5(b)].

The Court cannot approve a broad protective order that, in essence, allows each party to select the portions of the record will be sealed and, therefore, not made part of the public record. *See* Civil L. R. 79-5, *see generally Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665 (9th Cir. 2010). Nor can the Court approve a protective order that predetermines how documents designated by a party as confidential will be treated by the Court when offered in conjunction with dispositive

motions or at trial.  *See Kamakana v. City of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  Rule 26(c) of Federal Rules of Civil Procedure requires the Court to determine whether good cause exists to seal any part of the record of a case.  When sealing of documents is sought in connection with a dispositive motion or trial, the party seeking to keep the document out of the public record must provide the most compelling of reasons.  *Id.*; *Pintos,* 605 F.3d at 678.  Moreover, any sealing order must be narrowly tailored to remove from the public record *only* those portions of documents as to which good cause or compelling reasons have been shown.

Accordingly, no document shall be filed under seal without a court order narrowly tailored to cover only the documents or particular portions of the document for which good cause or compelling reasons exist.  If a party wishes to file a document under seal, that party must first file a written motion for a sealing order, setting forth facts to support a finding of good cause and accompanied by a proposed order that is narrowly tailored as specified above.  In making any such request, parties shall comply with the procedures set forth in Civil L.R. 79-5.

Finally, paragraph three of the Stipulation does not conform to this Court's Standing Order concerning discovery-related disputes.  Any future stipulation and proposed order shall indicate that with respect to any disputes over designation of confidential information or disclosure of confidential information to an expert will comply with this Court's Standing Order in Civil Cases, paragraph 8(b).

The parties shall revise and resubmit the proposed stipulation and order in accordance with this Order.

**IT IS SO ORDERED**.

Date: August 6, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California